***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 19, 2003, plaintiff initiated a Tort Claim by filing an affidavit while incarcerated at Duplin Correctional Center.
2. Plaintiff testified that while at Sampson Correctional Center, he requested and was provided a job working in the prison laundry.
3. After starting work in the prison laundry, plaintiff had an accident involving his artificial eye. This accident was unrelated to plaintiff's job in the laundry. Specifically, plaintiff was taking a shower when the pin that holds his artificial eye in place came out and went down the shower drain.
4. Plaintiff went to sick call, and then approximately three weeks later, plaintiff saw his civilian doctor, Dr. Ed Johnson. Dr. Johnson repaired plaintiff's artificial eye and said that plaintiff could return to work.
5. Plaintiff requested that he be allowed to return to work in the laundry. However, plaintiff was not provided a job in the laundry. Plaintiff brought this Tort Claim based upon defendant not providing him with a job in the laundry.
6. Tyron Owens, the program supervisor at Sampson Correctional, testified that plaintiff was not allowed to return to the laundry job because Dr. Artis, a Department of Correction doctor, held plaintiff out of work for the laundry job due to a concern that plaintiff would get hurt working in the laundry. Plaintiff was only prevented from working in the laundry by Dr. Artis, but was allowed to work in other prison jobs.
7. Plaintiff has failed to show by the greater weight of the competent and credible evidence of record that any employee or agent of defendant acted negligently.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
Plaintiff has failed to show that he was injured as a proximate result of the negligence of any officer, employee, involuntary servant or agent of the defendant. N.C Gen. Stat. § 143-291.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the North Carolina Tort Claims Act must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This 17th day of February 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER